## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KEVIN WASHINGTON JR.,**

    **Plaintiff,**

**v.**                    **CASE NO:**

**WITS SOLUTIONS INC.,**

    **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN WASHINGTON JR., (hereinafter "Plaintiff" or "Mr. Washington"), by and through the undersigned counsel, hereby sues Defendant, WITS SOLUTIONS INC. (hereinafter "Defendant," "WITS," or "Company") and alleges:

### INTRODUCTION

1.     The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on disability and race, and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

("Title VII") and its implementing Regulations, and the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his disability and race, and retaliated against him in violation of his rights under the ADA, Title VII and the FCRA.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a)

and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.    Plaintiff is Kevin Washington Jr., a 46-year-old Black/African American male who has been diagnosed with severe hemorrhoids substantially limiting major bodily function (bowel function), multiple herniated discs (C3-4, C4-5, C5-6, C6-7, C7-T1, L3-4, L4-5, L5-S1), left shoulder injuries including rotator cuff tears and biceps tendinitis, and high blood pressure developed due to workplace stress. Plaintiff is a 100%

disabled veteran receiving VA disability compensation.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on his disability and race under the ADA, Title VII and the FCRA.

10.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

11.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA, Title VII, and the FCRA.

12.    The Defendant, WITS SOLUTIONS INC., is a government contracting company with its principal headquarters located at 44790 Maynard Square, Suite 340, Ashburn, VA 20147, and maintains a business location at 7115 South Boundary Boulevard, Tampa, FL 33621.

13.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, where Defendant employed Plaintiff at MacDill Air Force Base in Tampa, Florida.

14.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state

statutes including, but not limited to the ADA, Title VII, and the FCRA.

15.    Accordingly, Defendant is liable under the ADA, Title VII, and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.    On June 30, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination, race discrimination, and retaliation.

18.    On July 2, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 511-2025-03575) against Defendant.

19.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against

Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

20.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

21.    On June 3, 2024, Plaintiff Kevin Washington Jr. began his employment with Defendant WITS Solutions Inc. as a Senior FOIA Analyst at MacDill Air Force Base in Tampa, Florida, working for the United States Central Command (USCENTCOM). Plaintiff's annual salary was $65,000, and he worked under the direct supervision of Krista L. Cahill, Contractor Site Lead.

22.    At the time of his hire, Plaintiff was a 45-year-old Black/African American male and a 100% disabled veteran receiving VA disability compensation. Plaintiff suffers from severe hemorrhoids that substantially limit the major bodily function of bowel function, as well as other service-connected disabilities.

23.    Plaintiff is also an active member of the U.S. Navy Reserves, serving as an Intelligence Analyst at JICCENT since March 2008, holding the rank of E5 (IS2 WASHINGTON).

24.    From the beginning of his employment, Plaintiff observed differential treatment based on his race. While Plaintiff was assigned only one case to work on, his two Caucasian coworkers in the same position were assigned ten or more cases each. Plaintiff received different tasking, training, and instructions compared to his Caucasian peers.

25.    The department composition had changed from two Hispanic individuals to two Caucasians, and Plaintiff noticed a pattern of disparate treatment in work assignments and expectations.

26.    On December 19, 2024, Plaintiff submitted his first request for reasonable accommodation to work from home due to his "embarrassing" medical condition. Plaintiff's severe hemorrhoids caused extreme pain, leakage, and odor from mucus, blood, and discharge following a bowel movement, leaving him unable to sit or stand for nearly four hours afterward. Although the need to remain close to restroom facilities arose only after his medical procedure, the disabling pain and complications prior to the procedure formed the basis of his request for accommodation.

27.    Defendant approved Plaintiff's first accommodation request, and Plaintiff began working from home via telework from February 4, 2025, through March 7, 2025, with a formal telework agreement executed on

February 6, 2025.

28.    During his telework period, Plaintiff continued to perform his job duties from home; however, he was subjected to harassment and micromanagement by his supervisor. Plaintiff was frequently criticized or accused of "stealing time" when he needed to use the restroom or take recovery periods related to his medical condition, and was even accused of claiming work that was not completed. His supervisor told him that she could easily terminate his employment because he was only assigned one project, while his White counterparts were given multiple assignments. It was only after government intervention that his supervisor was instructed to assign him multiple cases, as she had done for similarly situated employees outside of Plaintiff's protected class.

29.    On February 19, 2025, while on RA leave, Plaintiff was involved in a serious car accident that exacerbated his pre-existing conditions and caused new injuries, including multiple herniated discs (C3-4, C4-5, C5-6, C6-7, C7-T1, L3-4, L4-5, L5-S1), as well as left shoulder injuries including rotator cuff tears and biceps tendinitis.

30.    The car accident made Plaintiff's 45-minute to 1-hour commute to MacDill Air Force Base extremely painful and difficult to tolerate. Medical

expenses from the accident totaled $15,323.18 as of May 27, 2025.

31.    On March 11, 2025, despite Plaintiff's upcoming hemorrhoid surgery scheduled for March 27, 2025, Defendant forced Plaintiff to return to onsite work when his first accommodation period expired.

32.    Defendant's supervisor, Herb Kaufer, told Plaintiff that he would have to present a doctor's note every time he needed accommodation, while stating that "nobody else has to" provide such documentation.

33.    On March 27, 2025, Plaintiff underwent hemorrhoid surgery as scheduled and required recovery time as recommended by his physician.

34.    On April 8, 2025, based on his doctor's recommendations following both his surgery and the car accident injuries, Plaintiff submitted a second request for reasonable accommodation seeking six months of telework to allow for proper recovery and to manage his exacerbated medical conditions.

35.    Throughout the accommodation process, Defendant subjected Plaintiff to unnecessary scrutiny and delays. When Plaintiff requested updates on his accommodation request, HR representatives became frustrated and hostile.

36.    Plaintiff further noticed that his Caucasian supervisor, Krista

Cahill, had previously been approved for a reasonable accommodation to work from home a year or two earlier, under circumstances similar to Plaintiff's second request. While Ms. Cahill's request was granted, Plaintiff's second request was denied on the grounds that his job allegedly could not be performed remotely.

37.    On May 1, 2025, Defendant denied Plaintiff's second accommodation request, asserting that the government client would not approve telework. A subsequent denial was issued again on June 2, 2025. However, evidence later revealed that WITS had never properly presented Plaintiff's accommodation request to the government client.

38.    On June 9, 2025, Plaintiff was forced to return to onsite work despite his medical conditions and the intolerable pain caused by his commute. This was Plaintiff's first day back, and he had to make multiple stops due to pain, which Defendant disputed.

39.    On June 11, 2025, Plaintiff submitted his military orders for Annual Training with the Navy Reserves, as required by the Uniformed Services Employment and Reemployment Rights Act (USERRA).

40.    On June 12, 2025, Defendant's supervisor, Krista Cahill, committed a HIPAA violation by discussing Plaintiff's medical status and

VA compensation in front of other employees in a secure workspace. During this incident, Cahill publicly stated that Plaintiff was "F****** things up" and accused him of "stealing time from the government and WITS."

41.    During the same June 12, 2025 incident, Plaintiff was subjected to verbal abuse and called names in front of a non-WITS contractor, causing public humiliation and creating a hostile work environment.

42.    Defendant began micromanaging Plaintiff's work and requiring detailed time tracking and 30-minute advance notice for any accommodation use, treatment not imposed on other employees.

43.    On June 17, 2025, Plaintiff's pain became so severe that he had to return home early, further demonstrating his need for accommodation.

44.    On June 18, 2025, Plaintiff requested that Defendant reopen his ADA accommodation request. HR representatives became frustrated with this request and continued to falsely claim that the government had denied the accommodation.

45.    On June 23, 2025, Plaintiff informed Defendant that he had filed an EEOC complaint regarding the discrimination and failure to accommodate.

46.    On June 24, 2025, evidence revealed that the government client

had never actually denied Plaintiff's accommodation request, and that it was WITS who had refused to present or approve the accommodation.

47. Throughout June 2025, Defendant threatened Plaintiff with termination multiple times, told him his job was "on the line," and threatened to place him on a Performance Improvement Plan, all of which occurred only after Plaintiff requested accommodations and filed his EEOC complaint.

48. On June 27, 2025, just four days after Plaintiff informed Defendant of his EEOC complaint filing and shortly after he submitted his military orders for Annual Training, Defendant terminated Plaintiff's employment effective immediately, claiming "attendance and work performance" issues.

49. The stated reasons for termination were pretextual, as Plaintiff had not received any formal disciplinary actions, performance improvement plans, or written warnings during his employment. The timing of the termination, immediately following his EEOC complaint and military orders submission, demonstrates clear retaliation.

50. As a direct result of Defendant's discriminatory actions, Plaintiff has suffered significant financial hardship, including loss of income, credit issues, and relationship difficulties that contributed to his divorce.

51.    Plaintiff has also developed high blood pressure due to the workplace stress and discrimination, requiring ongoing medical treatment.

52.    Plaintiff's termination has effectively "blacklisted" him from future DOD contractor positions, severely limiting his career opportunities and earning potential.

53.    At all times relevant herein, Defendant was aware of Plaintiff's disabilities and protected status as both a disabled individual and a Black/African American employee, yet continued to subject him to discriminatory treatment and retaliation.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Discrimination based on Disability
### 42 U.S.C. §§ 12101-12213

54.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.    Plaintiff is a 46-year-old Black/African American male who has been diagnosed with severe hemorrhoids substantially limiting major bodily function (bowel function), multiple herniated discs (C3-4, C4-5, C5-6, C6-7, C7-T1, L3-4, L4-5, L5-S1), left shoulder injuries including rotator cuff tears

and biceps tendinitis, and high blood pressure developed due to workplace stress.

56.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

57.    At all times material herein, Defendant employed, and continues to employ, fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of the ADA. 42 U.S.C. § 12111(5)(A).

58.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

59.    At all times material herein, Defendant employed Plaintiff as a Senior FOIA Analyst.

60.    At all times material herein, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA in that he had a physical impairment that substantially limited one or more major life activities, specifically bowel function, and he was qualified to perform the essential functions of his position with or without reasonable accommodation.

61.    Defendant, as Plaintiff's employer, was obligated to guard

against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

62.    However, Plaintiff was subjected to discriminatory treatment at the hands of his superiors, as more particularly alleged hereinabove, because of his disability.

63.    Specifically, Defendant discriminated against Plaintiff by: (a) denying his reasonable accommodation requests; (b) subjecting him to different terms and conditions of employment because of his disability; (c) requiring him to provide medical documentation that other employees were not required to provide; (d) failing to engage in the interactive process; (e) retaliating against him for requesting accommodations; and (f) ultimately terminating his employment in connection with his disability and accommodation requests.

64.    Plaintiff's disabilities substantially limited major life activities, including bowel function, walking, lifting, bending, sitting, and other major bodily functions.

65.    Plaintiff was qualified to perform the essential functions of his job as a Senior FOIA Analyst, both with and without reasonable

accommodation, as evidenced by his successful performance during his telework period.

66.    Plaintiff requested reasonable accommodations, including work from home arrangements, which were reasonable and would not have imposed an undue burden on Defendant's business operations.

67.    Defendant failed to engage in the interactive process required under the ADA to determine appropriate reasonable accommodations for Plaintiff's disabilities.

68.    Plaintiff believed that his superiors' discriminatory acts materially altered the terms and conditions of his employment. Further, a reasonable person would have found that the discriminatory acts of Plaintiff's superiors materially altered the terms and conditions of Plaintiff's employment.

69.    Plaintiff did not welcome the discriminatory acts and did not directly or indirectly invite or solicit them by his own acts or statements.

70.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff, but did not take prompt remedial action.

71.    Defendant violated the ADA by subjecting Plaintiff to

discrimination because of his disability by denying reasonable accommodations, subjecting him to heightened scrutiny and different requirements, and ultimately terminating his employment.

72.    Further, Defendant failed to prevent and promptly correct workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the discrimination failed to promptly take steps to correct this conduct.

73.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the ADA.

74.    Defendant's actions constitute discrimination in violation of the ADA.

75.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish,

emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KEVIN WASHINGTON JR., requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WITS SOLUTIONS INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, discriminating against Plaintiff based on his disability;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.  Award compensatory damages to Plaintiff in an amount that

will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101-12213

76.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 53 of this

Complaint as though fully set forth herein.

77.    Plaintiff is a 46-year-old Black/African American male who has been diagnosed with severe hemorrhoids substantially limiting major bodily function (bowel function), multiple herniated discs, and other disabilities.

78.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

79.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

80.    At all times material herein, Defendant employed Plaintiff as a Senior FOIA Analyst.

81.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations for his disabilities and by opposing discriminatory practices.

82.    Defendant subjected Plaintiff to adverse employment actions for engaging in protected activity, including: (a) threatening termination after accommodation requests; (b) subjecting him to heightened scrutiny and micromanagement; (c) creating a hostile work environment; (d) denying his accommodation requests in retaliation; and (e) terminating his employment.

83.    The adverse employment actions taken against Plaintiff occurred

after and because of his protected activity under the ADA.

84.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

85.    As his employer, Defendant was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

86.    Defendant violated the ADA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

87.    Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

88.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived him of statutory rights under the ADA.

89.    The temporal proximity between Plaintiff's protected activity and the adverse employment actions, combined with the pretextual nature of Defendant's stated reasons for the adverse actions, establishes a causal connection between the protected activity and the retaliation.

90.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the ADA, according to proof.

**WHEREFORE**, the Plaintiff, KEVIN WASHINGTON JR., requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WITS SOLUTIONS INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations by retaliating against Plaintiff for

engaging in protected activity;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to the ADA;

D.      Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## Race Discrimination
## 42 U.S.C. § 2000e et seq.

91. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

92. Plaintiff is a 46-year-old Black/African American male.

93. At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

94. Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts,

unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

95.    At all times material herein, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and thus was an "employer" subject to Title VII.

96.    Plaintiff was subjected to discrimination at the hands of Defendant's employees, supervisors, and managers based on his race (Black/African American).

97.    Specifically, Defendant discriminated against Plaintiff based on his race by: (a) assigning him significantly fewer cases than his Caucasian coworkers in the same position; (b) providing him with different training, tasking, and instructions compared to Caucasian peers; (c) subjecting him to heightened scrutiny and different treatment; and (d) creating a work environment where race was a motivating factor in employment decisions.

98.    Plaintiff was assigned only one case while his two Caucasian coworkers in the same position were assigned ten or more cases each, demonstrating disparate treatment based on race.

99.    The department composition had changed from two Hispanic

individuals to two Caucasians, and Plaintiff, as the only Black employee, received markedly different treatment in work assignments and expectations.

100.   Defendant's supervisor, Krista Cahill, a Caucasian female, was approved for work-from-home arrangements for nearly two months without being subjected to the same rigorous process and documentation requirements imposed on Plaintiff, demonstrating differential treatment based on race.

101.   Defendant knew or should have known of the race discrimination suffered by Plaintiff.

102.   Defendant violated Title VII by failing to promptly correct the race discrimination experienced by Plaintiff and by perpetuating discriminatory practices based on race.

103.   The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the race discrimination of Plaintiff, deprived him of statutory rights under Title VII.

104.   Defendant's actions constitute race discrimination in violation of

Title VII.

105.  As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KEVIN WASHINGTON JR., requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WITS SOLUTIONS INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by discriminating against Plaintiff based on his race;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the race

discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's race discrimination pursuant to Title VII;

D.     Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>**COUNT IV**</u>
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**Race Retaliation**
**42 U.S.C. § 2000e et seq.**

110.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

111.   Plaintiff is a 46-year-old Black/African American male.

112.   At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

113.   Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a).

114.   At all times material herein, Defendant employed Plaintiff as a Senior FOIA Analyst.

115.   Plaintiff engaged in protected activity under Title VII by opposing discriminatory practices based on race and by filing a complaint with the EEOC alleging race discrimination.

116.   On June 30, 2025, Plaintiff filed a Charge of Discrimination with the EEOC alleging race discrimination and retaliation, which constituted protected activity under Title VII.

117.   Defendant subjected Plaintiff to adverse employment actions in retaliation for his protected activity, including but not limited to: (a) terminating his employment just four days after he informed Defendant of his EEOC complaint; (b) creating a hostile work environment; (c) threatening termination; and (d) subjecting him to heightened scrutiny and different treatment.

118.   The adverse employment actions taken against Plaintiff occurred after and because of his protected activity under Title VII.

119.   The temporal proximity between Plaintiff's EEOC complaint filing and his termination, combined with the lack of legitimate business reasons for the termination, establishes a causal connection between the protected activity and the adverse employment action.

120.   Defendant knew or should have known that Plaintiff was engaging in protected activity under Title VII.

121.   Defendant violated Title VII by retaliating against Plaintiff for engaging in protected activity.

122.   The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the retaliation against Plaintiff, deprived him of statutory rights under Title VII.

123.   As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KEVIN WASHINGTON JR., requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WITS SOLUTIONS INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff for engaging in protected activity;

B.   Award sufficient remedial relief to make Plaintiff whole for the

individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's retaliation pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT V**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**FLORIDA STATUTES §§ 760.01-11**
**Disability Discrimination**

126.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

127.   Plaintiff is a 46-year-old Black/African American male.

128.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

129.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

130.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

131.   Defendant, as Plaintiff's employer, was obligated to guard

against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace based on his race.

132.   However, Plaintiff was subjected to discrimination because of his race through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents.

133.   Specifically, Defendant discriminated against Plaintiff based on his race by: (a) assigning him significantly fewer cases than his Caucasian coworkers; (b) providing different training, tasking, and instructions; (c) subjecting him to disparate treatment in terms and conditions of employment; and (d) creating a work environment where race was a motivating factor in employment decisions.

134.   Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Defendant's discriminatory acts and statements materially altered the terms and conditions of Plaintiff's employment.

135.   Plaintiff did not welcome the discriminatory statements, acts, and treatment and did not directly or indirectly invite or solicit them by his

own acts or statements.

136.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the race discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

137.   Defendant violated the FCRA by subjecting Plaintiff to discrimination because of his race and by failing to promptly correct it once it learned of it.

138.   Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

139.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

140.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and

future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, KEVIN WASHINGTON JR., requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WITS SOLUTIONS INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his race;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Disability Discrimination
### Florida Statutes §§ 760.01-11

141.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 53 of this

Complaint as though fully set forth herein.

142.   Plaintiff is a 46-year-old Black/African American male who has been diagnosed with severe hemorrhoids substantially limiting major bodily function (bowel function), multiple herniated discs, and other disabilities.

143.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

144.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

145.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

146.   Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace based on his disability.

147.   However, Plaintiff was subjected to discrimination because of his disability through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents.

148.   Specifically, Defendant discriminated against Plaintiff based on his disability by: (a) denying his reasonable accommodation requests; (b)

subjecting him to different and more onerous requirements for accommodation; (c) failing to engage in the interactive process; (d) creating a hostile work environment related to his disability; and (e) terminating his employment in connection with his disability and accommodation requests.

149. Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Defendant's discriminatory acts and statements materially altered the terms and conditions of Plaintiff's employment.

150. Plaintiff did not welcome the discriminatory statements, acts, and treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

151. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the disability discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

152. Defendant violated the FCRA by subjecting Plaintiff to discrimination because of his disability and by failing to promptly correct it once it learned of it.

153.   Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

154.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

155.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, KEVIN WASHINGTON JR., requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WITS SOLUTIONS INC., and in favor of Plaintiff, and

respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under

the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT VII</u>
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**Retaliation**
**Florida Statutes §§ 760.01-11**

156.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

157.    Plaintiff is a 46-year-old Black/African American male with disabilities.

158.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

159.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

160.    At all times material herein, Defendant was and is an "employer"

within the meaning of the FCRA. § 760.02(7), Florida Statutes.

161.   Plaintiff engaged in protected activity under the FCRA by opposing discriminatory practices based on race and disability, requesting reasonable accommodations, and filing complaints with administrative agencies.

162.   Defendant subjected Plaintiff to adverse employment actions in retaliation for his protected activity under the FCRA, including but not limited to: (a) terminating his employment shortly after filing his EEOC complaint; (b) creating a hostile work environment; (c) threatening termination; (d) denying reasonable accommodations; and (e) subjecting him to heightened scrutiny and different treatment.

163.   The adverse employment actions taken against Plaintiff occurred after and because of his protected activity under the FCRA.

164.   The temporal proximity between Plaintiff's protected activity and the adverse employment actions, combined with the pretextual nature of Defendant's stated reasons for the adverse actions, establishes a causal connection between the protected activity and the retaliation.

165.   Defendant, as Plaintiff's employer, was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers,

and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

166.    Defendant violated the FCRA by retaliating against Plaintiff for engaging in protected activity and by failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

167. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

168.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived him of statutory rights under the FCRA.

169.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and

relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, KEVIN WASHINGTON JR., requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WITS SOLUTIONS INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.   Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by

Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 16th day of September 2025.

*/s/ Jason W. Imler, Esq*

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709

Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com