UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN WASHINGTON, JR.,

      Plaintiff,

v.                                 Case No. 8:25-cv-02490-NHA

WITS SOLUTIONS, INC.,

      Defendant.

_____/

## **ORDER**

Plaintiff seeks an order compelling non-party witnesses Steven L. Johnson and Cedrick T. Lowe, both civilian employees of the United States Air Force assigned to USCENTCOM at the MacDill Air Base, to appear at depositions. Doc. 25. The Court held a hearing on June 8, 2026.

For the reasons stated on the record at the hearing and herein, Plaintiff's request is denied. However, I permit Plaintiff and Defendant to issue written interrogatories to Johnson and Lowe, and grant the parties' alternative request to extend the discovery deadline.

"Title 5 U.S.C. § 301[1] authorizes the head of an executive department to place limits on how employees can disseminate information gained in the

---

[1] "The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and

performance of their official duties." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1196–97 (11th Cir. 1991). Regulations that limit when and how employees can give testimony in litigation are often called *Touhy* regulations. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Under Eleventh Circuit precedent, when an agency refuses a deposition request pursuant to its *Touhy* regulations, courts review that refusal under the Administrative Procedure Act's deferential "arbitrary and capricious standard." *United States v. Blair*, 174 F.4th 1309, 1318 (11th Cir. 2026); *see* 5 U.S.C. § 706(2)(A).

Generally, "a party seeking to have a court declare an agency action to be arbitrary and capricious carries a heavy burden indeed." *Leg. Envtl. Assistance Found., Inc. v. U.S. E.P.A.*, 276 F.3d 1253, 1265 (11th Cir. 2001) (quotation omitted). Nonetheless, an agency action may be considered to have acted arbitrarily and capriciously if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Defs. of Wildlife v. U.S. Dept. of Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013) (quotation omitted). Additionally, in the context of reviewing an agency's

preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S.C. § 301.

determination pursuant to its *Touhy* regulations, "[p]art of the court system's inquiry to determine whether an agency's denial is 'arbitrary or capricious' must include a determination of the burden that the deposition would place on the agency," including "the potential duration of the deposition." *Moore*, 927 F.2d at 1198.

The Department of War's *Touhy* regulations direct the "chief legal advisor" of the relevant military organization to consider each request for testimony by a military employee and to issue a decision permitting or disallowing that employee from giving litigation testimony. *See* 2 C.F.R. Part 97.

Here, Plaintiff submitted a formal *Touhy* request to USCENTCOM seeking to depose Lowe and Johnson. In response, USCENTCOM's counsel responded that Lowe and Johnson would not be permitted to sit for depositions, but would respond to written interrogatories. After conferring with USCENTCOM counsel, Plaintiff filed the present Notice, arguing that the decision was arbitrary and capricious. Doc. 25 pp. 2–3.

At the June 8th hearing, counsel for the United States explained that the requests to depose Lowe and Johnson were denied because: (1) the depositions could reveal information protected by the Privacy Act relating to other employees' impairments and accommodations; (2) employees of USCENTCOM are particularly busy at this time; and (3) Plaintiff could get the

information he needs by propounding written interrogatories. Counsel for the United States believed the decision to deny Plaintiff's request for deposition was made by the relevant chief legal advisor or his or her designee, but sought leave to verify and later confirm with the Court.

I find this explanation satisfies the Department's obligation to demonstrate its decision was not arbitrary and capricious. The Department's *Touhy* regulations direct the chief legal advisor, in analyzing *Touhy* requests, to consider the potential for disclosure of Privacy Act information. *See* 32 C.F.R. § 97.8(e)(4). And the Eleventh Circuit has acknowledged that reducing the time burden imposed on the agency is a valid basis for an agency's *Touhy* decision. *See Moore*, 927 F.2d at 1198. So, assuming the agreement to respond to interrogatories rather than sit for deposition was the final decision of the Department's relevant chief legal advisor, the agency's decision regarding Plaintiff's *Touhy* request shall stand.

For these reasons, and for the reasons stated on the record, it is ORDERED:

1. Plaintiff's request to compel depositions of non-parties (Doc. 25) is denied;

2. Plaintiff (and, to a limited extent, Defendant) may instead propound written interrogatories to Lowe and Johnson on or before June 15, 2026;

3.    Lowe's and Johnson's responses and objections due within thirty days of receipt of the interrogatories;

4.    The parties' oral motion to extend the dispositive motions deadline is granted; the dispositive motions shall be filed on or before August 14, 2026;

5.    The parties are directed to file a joint motion on or before June 18, 2026, proposing new dates for the remaining deadlines (including mediation);

6.    The United States is directed to file a notice on or before June 18, 2026, confirming that the Department's *Touhy* decision was made by the relevant chief legal advisor.

ORDERED on June 8, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE